# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : | Master File No. 12-md-02311 |
| | : | |
| In Re: Wire Harness | : | 2:12-cv-00103 |
| In Re: Instrument Panel Clusters | : | 2:12-cv-00203 |
| In Re: Fuel Senders | : | 2:12-cv-00303 |
| In Re: Heater Control Panels | : | 2:12-cv-00403 |
| In Re: Alternators | : | 2:13-cv-00703 |
| In Re: Windshield Wiper Systems | : | 2:13-cv-00903 |
| In Re: Radiators | : | 2:13-cv-01003 |
| In Re: Starters | : | 2:13-cv-01103 |
| In Re: Ignition Coils | : | 2:13-cv-01403 |
| In Re: Motor Generators | : | 2:13-cv-01503 |
| In Re: HID Ballasts | : | 2:13-cv-01703 |
| In Re: Inverters | : | 2:13-cv-01803 |
| In Re: Air Flow Meters | : | 2:13-cv-02003 |
| In Re: Fan Motors | : | 2:13-cv-02103 |
| In Re: Fuel Injection Systems | : | 2:13-cv-02203 |
| In Re: Power Window Motors | : | 2:13-cv-02303 |
| In Re: Automatic Transmission Fluid Warmers | : | 2:13-cv-02403 |
| In Re: Valve Timing Control Devices | : | 2:13-cv-02503 |
| In Re: Electronic Throttle Bodies | : | 2:13-cv-02603 |
| In Re: Air Conditioning Systems | : | 2:13-cv-02703 |
| In Re: Windshield Washer Systems | : | 2:13-cv-02803 |
| In Re: Spark Plugs | : | 2:15-cv-03003 |
| In Re: Ceramic Substrates | : | 2:16-cv-11804 |
| | : | |
| THIS DOCUMENT RELATES TO End-Payor Actions | : | |

**ORDER GRANTING END-PAYOR PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT WITH DENSO <u>DEFENDANTS AND PROVISIONAL CERTIFICATION OF SETTLEMENT CLASSES</u>**

Upon consideration of End-Payor Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Defendants DENSO Corporation, DENSO International America, Inc., DENSO International Korea Corporation, DENSO Korea Automotive Corporation, DENSO Automotive Deutschland GmbH, ASMO Co., Ltd., ASMO North America, LLC, ASMO Greenville of North Carolina, Inc., and ASMO Manufacturing, Inc. (collectively, the "DENSO Defendants") and Provisional Certification of Settlement Classes ("Motion"), it is hereby **ORDERED** as follows:

1. The Motion is hereby **GRANTED**.

2. Unless otherwise set forth herein, defined terms in this Order shall have the same meaning ascribed to them in the Settlement Agreement.

Preliminary Approval of Settlement Agreement

3. The terms of the Settlement Agreement are hereby preliminarily approved, including the release contained therein, as being fair, reasonable, and adequate to the Settlement Classes, subject to a Fairness Hearing.

4. The Court finds that the Settlement Agreement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given, pursuant to a plan to be submitted by Settlement Class Counsel and approved by the Court at a later date as provided in this Order.

Class Certification

5. Pursuant to Federal Rule of Civil Procedure ("Rule") 23, and in light of the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met and provisionally certifies the following classes for settlement purposes ("Settlement Classes"):

  (a)  "Automotive Wire Harness Systems Settlement Class" is defined as:

All persons and entities who, from January 1, 1998, through the Execution Date, purchased or leased a new Vehicle in the United States not for resale that included one or more Automotive Wire Harness Systems as a component part, or indirectly purchased one or more Automotive Wire Harness Systems as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Automotive Wire Harness Systems Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Automotive Wire Harness Systems directly or for resale.

  (b)  "Instrument Panel Clusters Settlement Class" is defined as:

All persons and entities who, from January 1, 1998, through the Execution Date, purchased or leased a new Vehicle in the United States not for resale that included one or more Instrument Panel Clusters as a component part, or indirectly purchased one or more Instrument Panel Clusters as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Instrument Panel Clusters Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Instrument Panel Clusters directly or for resale.

  (c)  "Fuel Senders Settlement Class" is defined as:

All persons and entities who, from January 1, 1998, through the Execution Date, purchased or leased a new Vehicle in the United States not for resale that included one or more Fuel Senders as a component part, or indirectly purchased one or more Fuel Senders as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Fuel Senders Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Fuel Senders directly or for resale.

  (d)  "Heater Control Panels Settlement Class" is defined as:

All persons and entities who, from January 1, 1998, through the Execution Date, purchased or leased a new Vehicle in the United States not for resale that included one or more Heater Control Panels as a component part, or indirectly purchased one or more Heater Control Panels as a replacement part, which were

manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Heater Control Panels Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Heater Control Panels directly or for resale.

   (e)  "Alternators Settlement Class" is defined as:

All persons and entities who, from January 1, 1998, through the Execution Date, purchased or leased a new Vehicle in the United States not for resale that included one or more Alternators as a component part, or indirectly purchased one or more Alternators as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Alternators Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Alternators directly or for resale.

   (f)  "Windshield Wiper Systems Settlement Class" is defined as:

All persons and entities who, from January 1, 1998, through the Execution Date, purchased or leased a new Vehicle in the United States not for resale that included one or more Windshield Wiper Systems as a component part, or indirectly purchased one or more Windshield Wiper Systems as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Windshield Wiper Systems Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Windshield Wiper Systems directly or for resale.

   (g)  "Radiators Settlement Class" is defined as:

All persons and entities who, from January 1, 1998, through the Execution Date, purchased or leased a new Vehicle in the United States not for resale that included one or more Radiators as a component part, or indirectly purchased one or more Radiators as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Radiators Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Radiators directly or for resale.

(h) "Starters Settlement Class" is defined as:

All persons and entities who, from January 1, 1998, through the Execution Date, purchased or leased a new Vehicle in the United States not for resale that included one or more Starters as a component part, or indirectly purchased one or more Starters as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Starters Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Starters directly or for resale.

(i) "Ignition Coils Settlement Class" is defined as:

All persons and entities who, from January 1, 1998, through the Execution Date, purchased or leased a new Vehicle in the United States not for resale that included one or more Ignition Coils as a component part, or indirectly purchased one or more Ignition Coils as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Ignition Coils Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Ignition Coils directly or for resale.

(j) "Motor Generators Settlement Class" is defined as:

All persons and entities who, from January 1, 1998, through the Execution Date, purchased or leased a new Vehicle in the United States not for resale that included one or more Motor Generators as a component part, or indirectly purchased one or more Motor Generators as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Motor Generators Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Motor Generators directly or for resale.

(k) "HID Ballasts Settlement Class" is defined as:

All persons and entities who, from January 1, 1998, through the Execution Date, purchased or leased a new Vehicle in the United States not for resale that included one or more HID Ballasts as a component part, or indirectly purchased one or more HID Ballasts as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the HID Ballasts Settlement Class are

Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased HID Ballasts directly or for resale.

  (l)  "Inverters Settlement Class" is defined as:

All persons and entities who, from January 1, 1998, through the Execution Date, purchased or leased a new Vehicle in the United States not for resale that included one or more Inverters as a component part, or indirectly purchased one or more Inverters as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Inverters Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Inverters directly or for resale.

  (m)  "Fan Motors Settlement Class" is defined as:

All persons and entities who, from January 1, 1998, through the Execution Date, purchased or leased a new Vehicle in the United States not for resale that included one or more Fan Motors as a component part, or indirectly purchased one or more Fan Motors as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Fan Motors Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Fan Motors directly or for resale.

  (n)  "Fuel Injection Systems Settlement Class" is defined as:

All persons and entities who, from January 1, 1998, through the Execution Date, purchased or leased a new Vehicle in the United States not for resale that included one or more Fuel Injection Systems as a component part, or indirectly purchased one or more Fuel Injection Systems as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Fuel Injection Systems Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Fuel Injection Systems directly or for resale.

  (o)  "Power Window Motors Settlement Class" is defined as:

All persons and entities who, from January 1, 1998, through the Execution Date, purchased or leased a new Vehicle in the United States not for resale that included one or more Power Window Motors as a component part, or indirectly purchased one or more Power Window Motors as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant.  Excluded from the Power Window Motors Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Power Window Motors directly or for resale.

(p) "Automatic Transmission Fluid Warmers and Oil Coolers Settlement Class" is defined as:

All persons and entities who, from January 1, 1998, through the Execution Date, purchased or leased a new Vehicle in the United States not for resale that included one or more Automatic Transmission Fluid Warmers or Oil Coolers as a component part, or indirectly purchased one or more Automatic Transmission Fluid Warmers or Oil Coolers as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant.  Excluded from the Automatic Transmission Fluid Warmers and Oil Coolers Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Automatic Transmission Fluid Warmers or Oil Coolers directly or for resale.

(q) "Valve Timing Control Devices Settlement Class" is defined as:

All persons and entities who, from January 1, 1998, through the Execution Date, purchased or leased a new Vehicle in the United States not for resale that included one or more Valve Timing Control Devices as a component part, or indirectly purchased one or more Valve Timing Control Devices as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant.  Excluded from the Valve Timing Control Devices Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Valve Timing Control Devices directly or for resale.

(r) "Air Conditioning Systems Settlement Class" is defined as:

All persons and entities who, from January 1, 1998, through the Execution Date, purchased or leased a new Vehicle in the United States not for resale that included

one or more Air Conditioning Systems as a component part, or indirectly purchased one or more Air Conditioning Systems as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Air Conditioning Systems Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Air Conditioning Systems directly or for resale.

(s) "Windshield Washer Systems Settlement Class" is defined as:

All persons and entities who, from January 1, 1998, through the Execution Date, purchased or leased a new Vehicle in the United States not for resale that included one or more Windshield Washer Systems as a component part, or indirectly purchased one or more Windshield Washer Systems as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Windshield Washer Systems Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Windshield Washer Systems directly or for resale.

(t) "Spark Plugs, Oxygen Sensors, and Air Fuel Ratio Sensors Settlement Class" is defined as:

All persons and entities who, from January 1, 1998, through the Execution Date, purchased or leased a new Vehicle in the United States not for resale that included one or more Spark Plugs, Oxygen Sensors, or Air Fuel Ratio Sensors as a component part, or indirectly purchased one or more Spark Plugs, Oxygen Sensors, or Air Fuel Ratio Sensors as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Spark Plugs, Oxygen Sensors, and Air Fuel Ratio Sensors Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Spark Plugs, Oxygen Sensors, or Air Fuel Ratio Sensors directly or for resale.

(u) "Ceramic Substrates Settlement Class" is defined as:

All persons and entities who, from January 1, 1998, through the Execution Date, purchased or leased a new Vehicle in the United States not for resale that included one or more Ceramic Substrates as a component part, or indirectly purchased one or more Ceramic Substrates as a replacement part, which were manufactured or

sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Ceramic Substrates Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Ceramic Substrates directly or for resale.

6. The Court finds that provisional certification of the Settlement Classes is warranted in light of the Settlement Agreement because: (a) the Settlement Classes are so numerous that joinder is impracticable; (b) End-Payor Plaintiffs' claims present common issues and are typical of the Settlement Classes; (c) End-Payor Plaintiffs and Settlement Class Counsel (defined below) will fairly and adequately represent the Settlement Classes; and (d) common issues predominate over any individual issues affecting the members of the Settlement Classes. The Court further finds that End-Payor Plaintiffs' interests are aligned with the interests of all other members of the Settlement Classes. The Court also finds settlement of the above-captioned actions ("Actions") on a class basis superior to other means of resolving the Actions.

<u>Appointment of Settlement Class Counsel</u>

7. The Court hereby appoints Cotchett, Pitre & McCarthy LLP, Robins Kaplan LLP, and Susman Godfrey L.L.P. as Settlement Class Counsel, having determined that the requirements of Rule 23(g) are fully satisfied by this appointment.

8. Each End-Payor Plaintiff class representative named in the operative complaints in the Actions will serve as End-Payor Plaintiff class representative on behalf of the Settlement Classes.

<u>Notice to Potential Class Members</u>

9. Prior to the Fairness Hearing, Settlement Class Counsel shall provide notice of the Settlement Agreement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement in compliance with the notice requirements of Rule 23

and due process of law. Such means of providing notice will be addressed in a subsequent Order following submission by End-Payor Plaintiffs at a later date of a proposal for notice to the Settlement Classes and related forms for notice, claims and distribution ("Notice Motion").

10. The Notice Motion shall include a proposed form of, method for, and date of dissemination of notice and the date on which the notice is mailed shall be the "Notice Date."

## Other Provisions

11. Pursuant to the Settlement Agreement, the DENSO Defendants agree to the entry of an order and final judgment in each of the Actions enjoining the DENSO Defendants, for a period of two years beginning on the date of entry of the final order and judgment, from engaging in any price-fixing, bid-rigging, or market allocation as to any Automotive Part (as defined in the Settlement Agreement) in violation of Section 1 of the Sherman Act.

12. As more fully set forth in the Settlement Agreement, the DENSO Defendants agree to cooperate with End-Payor Plaintiffs in connection with the continued prosecution of the Actions.

13. In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo and rights of End-Payor Plaintiffs, the DENSO Defendants, and the members of the Settlement Classes.

14. The Court's provisional certification of the Settlement Classes as provided herein is without prejudice to, or waiver of, the rights of any Defendants, including the DENSO Defendants, to contest certification of any other class proposed in the Actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any

class in the Actions or on the Court's ruling(s) concerning any Defendant's motion; and no party may cite or refer to the Court's approval of the Settlement Classes as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

15. The Court approves the establishment of the Settlement Funds, consisting of 21 Escrow Accounts—one for each of the Settlement Classes—under the Settlement Agreement as qualified settlement funds ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Settlement Class Counsel are, in accordance with the Settlement Agreement, authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

16. The litigation against Releasees (as defined in the Settlement Agreement with the DENSO Defendants) is stayed except to the extent necessary to effectuate the Settlement Agreement.

Date: September 29, 2016                    s/Marianne O. Battani
                                            MARIANNE O. BATTANI
                                            United States District Judge


**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 29, 2016.

                                            s/ Kay Doaks
                                            Case Manager